OPINION
Plaintiff-appellant Sophia Heropulos appeals from the November 6, 1998, and December 7, 1998, Judgment Entries of the Stark County Court of Common Pleas. On June 25, 1996, the vehicle driven by appellant Sophia Heropulos was struck by a vehicle driven by appellee Jason D. Phares. Sophia's daughter, Pamela Heropulos, was a passenger in Sophia's vehicle at the time. As a result of the accident, both appellant Sophia Heropulos and her daughter, Pamela, filed a complaint for personal injury and loss of consortium against Jason D. Phares in the Stark County Court of Common Pleas on January 21, 1997. James D. Phares, the owner of the vehicle driven by appellee Jason D. Phares, also was named as a defendant in the complaint. Appellant Sophia Heropulos and her daughter, Pamela, specifically alleged in their complaint that James D. Phares had negligently entrusted his vehicle to appellee Jason D. Phares. Both appellee Jason D. Phares and James D. Phares filed an answer on February 7, 1997. Subsequently, a motion to intervene and for leave to file an intervening complaint was filed by Community Insurance Company on October 16, 1997. Community Insurance Company, in its motion, sought leave to intervene "to protect and preserve its subrogated interest granted by the terms of the health care plan which covers the Plaintiffs [Sophia and Pamela Heropulos]." An answer to the intervening complaint filed by Community Insurance Company was filed by appellee Jason D. Phares and James D. Phares on October 22, 1997. Pursuant to a Judgment Entry filed on October 28, 1997, the trial court granted Community Insurance Company's motion to file an intervening complaint instanter. A jury trial commenced in this matter on November 2, 1998. On November 5, 1998, the jury returned with a verdict in favor of appellant Sophia Heropulos and against appellee Jason D. Phares and awarded damages to appellant Sophia Heropulos in the amount of $3,115.00. The jury also found in favor of Community Insurance Company and against appellee Jason Phares and awarded Community Insurance Company damages in the amount of $332.00. Judgment Entries memorializing the jury's verdict were filed on November 6, 1998. Appellant Sophia Heropulos' motion for judgment notwithstanding the verdict and/or a new trial, which was filed on November 20, 1998, was overruled by the trial court pursuant to a Judgment Entry filed on December 7, 1998. Appellant Sophia Heropulos and Community Insurance Company, on January 6, 1999, filed a joint notice of voluntary dismissal. In such notice, appellant Sophia Heropulos voluntarily dismissed her negligent entrustment claim against James D. Phares and James D. Phares, individually, without prejudice, and appellant Community Insurance Company voluntarily dismissed its subrogation claim against both Jason D. Phares and James D. Phares as well as James D. Phares, individually, without prejudice. Thereafter, later the same day, appellant Sophia Heropulos filed a notice of appeal in which she appealed from the final judgment entered in this action on or about November 6, 1998, and December 7, 1998. As an initial matter, we must first address whether there is a final appealable order in this case since this court has jurisdiction to review only final orders or judgments of inferior courts within our district. See Section III(B)(2), Article IV of the Ohio Constitution. A final appealable order is one which affects a "substantial right" and, therefore, determines the action. R.C.2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter. As is stated above, both appellant Sophia Heropulos and her daughter Pamela filed a complaint for personal injury and loss of consortium against appellee Jason D. Phares and a negligent entrustment claim against James D. Phares. Appellant Sophia Heropulos' claims against appellee Jason Phares were tried before a jury. While appellant Sophia Heropulos, in her brief, maintains that Pamela Heropulos' claims against appellee Jason D. Phares for pain, suffering, loss of enjoyment of life, and loss of consortium were settled at the final pretrial before the trial court, to date, no entry or notice dismissing Pamela's claims against appellee Jason D. Phares has been filed in the trial court in this matter. Pamela Heropulos' claims for personal injury against appellee Jason D. Phares remain, therefore, pending. Moreover, in addition, no entry or notice dismissing Pamela Heropulos' claims against James D. Phares has been filed in the trial court in this matter.
For such reason, we find that the orders appealed from did not meet any definition of a final appealable order under R.C.2505.02. Since there was not a final appealable order in this case, this court lacks jurisdiction to review appellant's appeal. Accordingly, since no final appealable order exists in the case sub judice, we dismiss this case for lack of jurisdiction.
By EDWARDS, J. GWIN, P.J. and HOFFMAN, J. concurs.